KAREN L. LOEFFLER
United States Attorney

THOMAS C. BRADLEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-Mail: thomas.bradley@usdoj.gov

STEPHANIE M. CAROWAN
Trial Attorney
U.S. Department of Justice, Tax Division
601 D Street, NW
Washington, DC  20004
Phone: (202) 353-8210
Fax: (202) 514-9623
E-Mail: stephanie.m.carowan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GARY JOKELA and <br> MARLADEEN JOKELA, <br><br> Defendants. | Case No. <br><br> <u>COUNT 1</u>: <br> EVASION OF PAYMENT OF TAX <br>   Vio. of 26 U.S.C. § 7201 <br><br> <u>COUNTS 2-6</u>: <br> WILLFUL FAILURE TO FILE AN <br> INCOME TAX RETURN <br>   Vio. of 26 U.S.C. § 7203 |

**INDICTMENT**

The Grand Jury charges that:

**INTRODUCTORY ALLEGATIONS**

1.      At all times material to this indictment, Defendant GARY JOKELA was married to Defendant MARLADEEN JOKELA.  Both defendants were residents of Valdez, Alaska.

2.      Beginning in or about 1997, Defendant GARY JOKELA was employed as a welder at Harris Sand and Gravel (HSG) in Valdez, Alaska.  In approximately October 2008, Defendant GARY JOKELA ceased to work for HSG and, at that time, applied for and received unemployment benefits from the State of Alaska.  In or about 2009, Defendant GARY JOKELA resumed working for HSG.

3.      At all times material to this indictment, Defendant MARLADEEN JOKELA also worked intermittently at HSG, where she assisted in performing administrative tasks.

4.      Defendant GARY JOKELA and Defendant MARLADEEN JOKELA last filed a federal individual income tax return in 1984 for the 1983 tax year.  Defendant GARY JOKELA had outstanding tax liabilities that had not been paid since at least 1998.  As a result of these unpaid tax liabilities, in or about August 2005 and in or about September 2008, the Internal Revenue Service (IRS) filed federal tax liens against Defendant GARY JOKELA totaling $109,265.36.

5. Defendant GARY JOKELA applied for and received the Alaska Permanent Fund Dividend (PFD) for each year between 1999 and 2005.  After his 2005 PFD was levied by the IRS, he stopped applying for it.  Defendant MARLADEEN JOKELA applied for and received the PFD for each year between 1999 and 2009.

**COUNT 1:**
**<u>EVASION OF PAYMENT OF TAX</u>**
(26 U.S.C. § 7201)

6. Paragraphs 1 through 5 are re-alleged and incorporated herein.

7. Beginning in or about 1997 and continuing until on or about the date of this indictment, in the District of Alaska, Defendants GARY JOKELA and MARLADEEN JOKELA did willfully attempt and aid and abet the attempt to evade and defeat the payment of a large part of the income tax which was due and owing by Defendant GARY JOKELA to the United States of America for the years 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 by committing, among others, the following affirmative acts of tax evasion:

    a. On or about August 4, 1997, Defendant GARY JOKELA submitted an Employee's Withholding Allowance Certificate, IRS Form W-4, to his employer, HSG, stating that he had a total of nine allowances for the purposes of determining his federal income tax withholding.  By submitting this Form W-4, Defendant GARY JOKELA caused HSG to withhold only minimal federal taxes from his weekly paychecks.

      b.     On or about February 23, 2004, Defendant GARY JOKELA submitted an Employee's Withholding Allowance Certificate, IRS Form W-4, to his employer, HSG, stating that he was "exempt" from federal income tax withholding. By submitting this Form W-4, Defendant GARY JOKELA caused HSG to cease withholding federal taxes from his weekly paychecks.

      c.     On or about August 24, 2005, approximately one month after the IRS sent a Notice of Federal Tax Lien Filing and less than one month after the IRS sent a Notice of Intent to Levy to Defendant GARY JOKELA, Defendant MARLADEEN JOKELA opened account xxxx4599 at First National Bank Alaska, in her own name. Neither Defendant GARY JOKELA's name nor his Social Security number were associated with this account. Defendant MARLADEEN JOKELA opened the account with $950 in currency. Between on or about August 24, 2005 and continuing until on or about December 31, 2008, approximately 61 currency deposits totaling approximately $112,655 were made to the account, with each deposit constituting a separate affirmative act of tax evasion.

      d.     Beginning in or about March 2006 and continuing until in or about December 2008, Defendant GARY JOKELA converted his paychecks to cash. He did so by cashing the paychecks or by causing the paychecks to be cashed at First National Bank Alaska, the same bank upon which the checks were drawn. Altogether, Defendant GARY JOKELA cashed or caused to be cashed approximately 97 paychecks totaling more than

$170,000, with the cashing of each check constituting a separate affirmative act of tax evasion.

   e. Beginning in or about June or July 2006 and continuing until in or about October 2008, in response to notices sent by the IRS to HSG, Defendants GARY JOKELA and MARLADEEN JOKELA instructed HSG's bookkeeper and internal accountant not to comply with the demands made in the IRS notices.  The IRS notices included, but were not limited to, two notices indicating that Defendant GARY JOKELA was not exempt from federal income tax withholding and requiring HSG to withhold federal income taxes from Defendant GARY JOKELA's wages at the maximum rate.

   f. On or about March 20, 2007, Defendant MARLADEEN JOKELA prepared and Defendant GARY JOKELA signed and submitted a document entitled "Exemption From Withholding (of Federal Income Tax), Form W-4E" to his employer, HSG.  Attached to this Form W-4E was a document entitled "Declaration of Protected Individual and Work Eligibility Verification" and another document entitled "Worker's Verified Statement and Notice to Terminate Form W-4 Agreement (or its equivalent) and Notice to Terminate Withholding Authorization."  These documents, which were not official IRS forms, purported to serve as Defendant GARY JOKELA's official notice and demand to HSG to "immediately stop" withholding federal income and Social Security taxes from his wages.

      g.    From in or about 1998 and continuing until in or about 2008, Defendants GARY JOKELA and MARLADEEN JOKELA paid personal expenditures rather than paying the federal income taxes due and owing by Defendant GARY JOKELA.  Specifically, Defendants GARY JOKELA and MARLADEEN JOKELA made payments including, but not limited to, each of the following:

          i.    Between in or about 2002 and 2008, payments totaling more than $150,000 to American Express for credit card purchases, including purchases for, among other things, 1) airline tickets to Cancun, Mexico, and Hawaii; 2) hotels and resorts in Cancun, Mexico, and Orlando, Florida; and 3) other personal items, including jewelry;

          ii.    Between in or about 2002 and 2008, payments totaling more than $30,000 on a motorhome;

          iii.    Between in or about 1998 and 2008, payments totaling more than $15,000 on a timeshare in Florida; and

          iv.    Between in or about 2002 and 2008, payments totaling more than $35,000 on personal vehicles, including a 2001 Dodge truck and a 2008 Subaru Forester.

      h.    From in or about 2002 and continuing until in or about 2008, Defendants GARY JOKELA and MARLADEEN JOKELA used cash and/or money

orders to pay personal expenditures, including, but not limited to, their mortgage and their personal vehicles.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 2:
## WILLFUL FAILURE TO FILE AN INCOME TAX RETURN
(26 U.S.C. § 7203)

8. Paragraphs 1 through 5 are re-alleged and incorporated herein.

9. During the calendar year 2005, Defendant GARY JOKELA, who was a resident of Valdez, Alaska, had and received sufficient gross income that he was required by law, following the close of the calendar year 2005 and on or before April 17, 2006, to make an income tax return to the Internal Revenue Service Center, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at either Anchorage, Alaska, or at Fairbanks, Alaska, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, defendant GARY JOKELA did willfully fail, on or about April 17, 2006, in the District of Alaska and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 3:
## WILLFUL FAILURE TO FILE AN INCOME TAX RETURN
(26 U.S.C. § 7203)

10.     Paragraphs 1 through 5 are re-alleged and incorporated herein.

11.     During the calendar year 2006, Defendant GARY JOKELA, who was a resident of Valdez, Alaska, had and received sufficient gross income that he was required by law, following the close of the calendar year 2006 and on or before April 17, 2007, to make an income tax return to the Internal Revenue Service Center, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at either Anchorage, Alaska, or Fairbanks, Alaska, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, defendant GARY JOKELA did willfully fail, on or about April 17, 2007, in the District of Alaska and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 4:
## WILLFUL FAILURE TO FILE AN INCOME TAX RETURN
(26 U.S.C. § 7203)

12.     Paragraphs 1 through 5 are re-alleged and incorporated herein.

13. During the calendar year 2007, Defendant GARY JOKELA, who was a resident of Valdez, Alaska, had and received sufficient gross income that he was required by law, following the close of the calendar year 2007 and on or before April 15, 2008, to make an income tax return to the Department of the Treasury, Internal Revenue Service Center, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at either Anchorage, Alaska, or Fairbanks, Alaska, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, defendant GARY JOKELA did willfully fail, on or about April 15, 2008, in the District of Alaska and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 5:
## WILLFUL FAILURE TO FILE AN INCOME TAX RETURN
(26 U.S.C. § 7203)

14. Paragraphs 1 through 5 are re-alleged and incorporated herein.

15. During the calendar year 2008, Defendant GARY JOKELA, who was a resident of Valdez, Alaska, had and received sufficient gross income that he was required by law, following the close of the calendar year 2008 and on or before April 15, 2009, to make an income tax return to the Department of the Treasury, Internal Revenue Service

Center, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at either Anchorage, Alaska, or Fairbanks, Alaska, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, defendant GARY JOKELA did willfully fail, on or about April 15, 2009, in the District of Alaska and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 6:
## WILLFUL FAILURE TO FILE AN INCOME TAX RETURN
(26 U.S.C. § 7203)

16.     Paragraphs 1 through 5 are re-alleged and incorporated herein.

17.     During the calendar year 2009, Defendant GARY JOKELA, who was a resident of Valdez, Alaska, had and received sufficient gross income that he was required by law, following the close of the calendar year 2009 and on or before April 15, 2010, to make an income tax return to the Department of the Treasury, Internal Revenue Service Center, at Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at either Anchorage, Alaska, or Fairbanks, Alaska, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits

to which he was entitled.  Well knowing and believing all of the foregoing, defendant GARY JOKELA did willfully fail, on or about April 15, 2010, in the District of Alaska and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

A TRUE BILL.

 s/Grand Jury Foreperson  
GRAND JURY FOREPERSON

 s/Thomas C. Bradley  
THOMAS C. BRADLEY  
United States of America

 s/Stephanie M. Carowan  
STEPHANIE M. CAROWAN  
United States of America

 s/Karen L. Loeffler  
KAREN L. LOEFFLER  
United States of America

DATED:   July 20, 2011